UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WENDOLYN LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 19-2895-JDT-cgc |
| ) | |
| FLOYD BONNER, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED PLEADING

On December 30, 2019, Plaintiff Wendolyn Lee, who is incarcerated at the Shelby County Criminal Justice Center (Jail) in Memphis, Tennessee, filed a *pro se* civil complaint. (ECF No. 1.) On January 17, 2020, the Court granted him leave to proceed *in forma pauperis*. (ECF No. 6.)

In the original complaint, Plaintiff sues Floyd Bonner and unidentified "Shelby County Jail Administrators," alleging that he received inadequate food and "had to sleep on the floor and chairs" at the Jail "in 2016 . . . for three weeks." (ECF No. 1 at PageID 1 ("Mr. Lee was not fed any food for hours and passed out from low sugar, causing some brain injuries and scarring to his head").) He seeks $20 million for violation of his Eighth Amendment right to be free from cruel and unusual punishment. (*Id*.) Since the filing of the original complaint, Plaintiff has filed six motions to amend or to supplement, (ECF

Nos. 5, 7, 8, 9, 10 & 11), and a document that purports to seek a writ of habeas corpus. (ECF No. 12.)

On January 16, 2020, Plaintiff filed "a motion to amend malpractice suit," seeking to assert claims for "malpractice, conspiracy, and fraud" against Amy Weirich, Judge Chris Craft, and attorney James Jones in connection with criminal charges brought against Plaintiff in Tennessee state court for an alleged statutory rape that Plaintiff contends actually occurred in Arkansas.[1] (ECF No. 5 at PageID 17 & 20 (seeking $75 million in damages).)

On January 28, 2020, Plaintiff filed a "motion to supplement," alleging: (1) the Tennessee state court's lack of—or "secret"—jurisdiction and improper venue in the criminal case, (ECF No. 7 at PageID 34-36); (2) violation of his constitutional right to confront witnesses against him, his right to a speedy and public trial, and his right to be informed of the charges against him, (*id.* at PageID 35); (3) malpractice, collusion, bad faith, and conspiracy by Weirich and Jones, (*id.*); (4) unconstitutional conditions of confinement at the Jail due to inadequate food, (*id.* at PageID 36); and (5) inadequate medical care at the Jail. (*Id.*)

On February 6, 2020, Plaintiff filed another "motion to suppl[e]ment" his claims against Weirich, Craft, and Jones. (ECF No. 8.) He again alleges that his prosecution and

---

[1] In a prior case before this Court, the Court summarized the alleged facts involving the statutory rape charges against Plaintiff. *Young v. Weirich*, No. 18-2157-JDT-tmp, 2018 WL 6173897, at *2-3 (W.D. Tenn. Nov. 26, 2018), *aff'd*, No. 19-5012, 2019 WL 2897530 (6th Cir. May 16, 2019), *cert. denied*, 140 S. Ct. 265 (2019). Many of Plaintiff's contentions in this present matter concern those same criminal charges, which remain pending in state court.

2

detention in Tennessee is fraudulent, constitutes kidnapping, and violates his rights under the Sixth Amendment because Tennessee lacks jurisdiction over a crime committed in Arkansas. (ECF No. 8 at PageID 49-51.) Plaintiff also alleges Jones told him that he "will be held in this Jail until he die and that the indictment and charge is bogus and fraud," but states that Jones never comes to see him, only coming to court every eight months to allow Plaintiff's case to be "set off" for another eight months. (*Id.* at PageID 51.)

On February 12, 2020, Plaintiff filed a "motion to amend," alleging lack of personal jurisdiction, malpractice, fraud, conspiracy, kidnapping, collusion, and denial of a speedy trial. (ECF No. 9 at PageID 57-60.) He also asserts he is being subjected to cruel and unusual punishment at the Jail because he is "constantly lock[ed] down 24 hours a day, 4 days a week" and because the conditions of confinement, specifically the presence of vermin, mildew, and discolored water. (*Id.* at PageID 60-61.) He again alleges inadequate food and states the food is not served on time. (*Id.*)

On April 8, 2020, Plaintiff filed another "motion to amend" asserting claims against the Memphis Police Department and Officer Carolyn Bryant for fraud, conspiracy, tampering with evidence, false arrest, violation of Plaintiff's Fourth and Sixth Amendment rights, and "arrest without describing the scene of crime or location on arrest warrant." (*Id.* at PageID 70.) These claims also relate to his repeated assertion that the state criminal court lacks jurisdiction over him. (*Id.*)

On May 18, 2020, Plaintiff filed a "motion to amend," alleging the Jail's failure to protect him from the COVID-19 coronavirus. (ECF No. 11 at PageID 78-79.) He again

3

alleges conditions of confinement claims against the Jail related to inadequate food and claims against Judge Craft for delaying Plaintiff's criminal trial. (*Id*. at PageID 77.)

Finally, on June 19, 2020, Plaintiff filed a document titled "writ of habeas corpus for immediate release or transfer to a facility to practice social distance – a life or death situation." (ECF No. 12 at PageID 81.) While re-arguing his lack of personal jurisdiction claim once again, (*id*. at PageID 81-82), he ultimately asks to be "removed from this Jail to keep from d[y]ing with the corona virus." (*Id*. at PageID 82.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has made no less than eight efforts to formulate the claims he wishes to pursue in this case. (ECF Nos. 1, 5, 7, 8, 9, 10, 11 & 12.) His disorganized and scattershot approach renders the screening of the case extraordinarily complex. Among many other complications, allegations he makes in connection with one claim drift over into allegations related to different claims—which are subsequently revised, repeated, or jettisoned altogether in his later filings. Needless to say, Plaintiff has not "stated simply, concisely, and directly events that, [he] alleged, entitled [him] to damages from the [defendants]," as he is required to do to make out a plausible constitutional claim. *Johnson v. City of Shelby, Miss.,* 574 U.S. 10, 12 (2014) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S.

4

544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  None of the subsequent putative pleadings indicate whether Plaintiff wishes to merely modify or to replace claims asserted in earlier pleadings.  Given the overwhelming complexity and repetitious nature of his submissions, the Court is unable to reasonably ascertain whether he intends his many filings to amend, to supplement, or to serve as a new and entirely independent complaint.

In more typical amendment contexts, Federal Rule of Civil Procedure 15(a)(1) allows amendment as a matter of course, or a party may obtain leave of court to amend under Rule 15(a)(2).  In those situations courts usually treat a plaintiff's most recent amended filing as the operative pleading for screening purposes; *i.e.*, an amended complaint supersedes the original complaint and becomes the operative pleading.  *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014); *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008); *Drake v. City of Detroit*, No. 06-1817, 2008 WL 482283, at *2 (6th Cir. Feb. 21, 2008) (stating that a prior "complaint is a nullity, because an amended complaint supersedes all prior complaints"); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000).

In this case, however, Rule 15(a) analysis is complicated, because of at least the following factors:

(1) None of the pleadings have been served on any named defendants, so no motions to dismiss have been filed under Federal Rule of Civil Procedure 12(b)—arguably precluding calculation of Rule 15(a)'s 21-day periods.

5

(2)  Many of Plaintiff's claims in the amended and supplemental complaints would not survive a Rule 12(b) motion to dismiss.[2]  For example, Plaintiff's most recent filing would arguably be subject to dismissal in this proceeding because it seeks habeas corpus relief.  (ECF No. 12.)  Plaintiff brought this case as a "civil rights complaint," (ECF No. 1), which the Court construes as a complaint under 42 U.S.C. § 1983, and it is not appropriate to assert § 1983 claims in a habeas action.  A civil rights action and a habeas petition have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage.[3]  Furthermore, some of the pleadings seek money damages, (*see* ECF No. 1 at PageID 1; ECF No. 5 at PageID 20), which are unavailable in a habeas proceeding.  *See Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973).

(3)  The doctrine of *res judicata* precludes re-litigation of any allegations in the pleadings whose dismissal for failure to state a claim was affirmed by the Sixth Circuit in case number 18-2157, such as:  malicious prosecution claims against Weirich and Judge

---

[2] "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (citation omitted).  "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 807 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

[3] *See*, *e.g.*, *Spencer v. Barret,* No. 14-10823, 2015 WL 4528052, at *4 (E.D. Mich. July 27, 2015), *certif. of appealability denied*, No. 15-2518 (6th Cir. June 2. 2016); *see also Moore v. Pemberton,* 110 F.3d 22, 24 (7th Cir. 1997) (per curiam) (a § 1983 case cannot be converted into a habeas action).

Craft;[4] a request for this Court to intervene in Plaintiff's state criminal proceedings;[5] and the claim that the Tennessee criminal court lacks jurisdiction over him because the alleged crime occurred in Arkansas,[6] including the claim that the warrant for Plaintiff's arrest was defective because it failed to describe the location of the crime.[7] *See Young*, 2019 WL 6173897, at *5-6; *Young*, 2019 WL 2897530, at *2.  To the extent Plaintiff intends any or all of the pleadings to re-assert the previously dismissed claims, the claims are subject to dismissal on the basis of *res judicata*[8] and could not survive a Rule 12(b) motion to dismiss.

---

[4] (*See* ECF No. 5 at PageID 17 & 20; ECF No. 7 at PageID 34-36; ECF No. 11 at PageID 78-79.)

[5] (*See* ECF No. 7 at PageID 35; ECF No. 10 at PageID 70.)

[6] (*See* ECF No. 7 at PageID 34-36; ECF No. 8 at PageID 49-51; ECF No. 9 at PageID 57 & 60-61; ECF No. 12 at PageID 81.)

[7] (*See* ECF No. 10 at PageID 70.)

[8] Case No. 18-2157 was dismissed pursuant to this Court's screening authority, prior to service on any of the named defendants.  Ordinarily, a dismissal pursuant to 28 U.S.C. § 1915(e), where the plaintiff is proceeding *in forma pauperis,* does not have a preclusive effect on a subsequent paid complaint.  *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).  It may, though, "have a *res judicata* effect on frivolousness determinations for future *in forma pauperis* petitions." *Id.*  The Sixth Circuit has applied *res judicata* to dismiss successive complaints filed by prisoners.  *See Smith v. Morgan,* 75 F. App'x 505, 506-07 (6th Cir. 2003); *Taylor v. Reynolds,* 22 F. App'x 537 (6th Cir. 2001); *Hill v. Elting,* 9 F. App'x 321 (6th Cir. 2001).  Accordingly, Plaintiff's claims that were previously adjudged and dismissed for failure to state a claim in No. 18-2157 are subject to dismissal in this case on the basis of *res judicata*.

Even if Plaintiff were to argue that the factual allegations in his present pleadings are more detailed than those in No. 18-2157—in an attempt to overcome the previous finding of failure to state a claim—he could have offered those additional factual allegations in No. 18-2157.  The Sixth Circuit has, on numerous occasions, rejected similar arguments made by plaintiffs seeking to avoid application of *res judicata,* reasoning that any argument a plaintiff may have about procedural decisions in the original lawsuit should have been made in that case, either at the trial court level or on appeal.  *See, e.g., Quality Measurement Co. v. IPSOS S.A.,* 56 F. App'x 639, 634 (6th Cir. 2003); *Watts v. Federal Express Corp.,* 53 F. App'x 333 (6th Cir. 2002), *cert. denied,* 540 U.S. 1006 (2003).

For all of these reasons, the Court declines to screen the present pleadings in this case at this time. Instead, Plaintiff is ORDERED to file one amended complaint that concisely sets forth *all* the claims he intends to assert in this case under 42 U.S.C. § 1983. **Plaintiff shall file his amended complaint within twenty-one (21) days after the date this order, on or before August 27, 2020**. That amended complaint must be submitted on the court-approved form and must remedy the deficiencies discussed herein. The amended complaint will be the only operative pleading for screening purposes under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). The amended complaint will supersede the prior pleadings entirely; none of the prior pleadings will be screened. Plaintiff must include in the amended complaint all claims that he intends to pursue in this case, and any claims not included will not be considered. If Plaintiff seeks to re-assert any of the same claims dismissed in No. 18-2157, they will be summarily dismissed.

If Plaintiff fails to timely file an amended complaint, the Court will treat his May 18, 2020 filing, the most recent, as the operative pleading for screening purposes. (ECF No. 12.) In that event, ECF No. 12 will supersede the original complaint and all amendments and supplements filed by Plaintiff prior to May 18th.

The Clerk is directed to mail Plaintiff a copy of the § 1983 complaint form along with this order.

IT IS SO ORDERED.

     s/ **James D. Todd**
     JAMES D. TODD
     UNITED STATES DISTRICT JUDGE